UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22642-CIV-Graham/Torres

**MANUEL E. RIVAS**,            )
                                )
    Plaintiff,              )
                                )
vs.                             )
                                )
**UNITED RECOVERY SYSTEMS, LP**, )
                                )
    Defendant.              )
                                )
                                )

## DEFENDANT UNITED RECOVERY SYSTEMS, LP'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, UNITED RECOVERY SYSTEMS, LP ("United"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff MANUEL E. RIVAS ("Plaintiff"), and states as follows:

1. As to paragraph 1, UNITED admits that Plaintiff has brought this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, and the Telephone Consumer Collection Practices Act, 47 U.S.C. § 227 et. seq., but UNITED denies liability. UNITED denies all other allegations contained in paragraph 1 of the Complaint.

2. As to paragraph 2, UNITED admits the allegations in said paragraph for jurisdiction and venue purposes only, but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's current residence.

*Case No.: 10-22462-CIV/Graham/Torres*
*Defendant's Answer and Affirmative Defenses*

3. As to paragraph 3, UNITED admits that Plaintiff is a natural person but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's current residence.

4. As to paragraph 4, UNITED admits the allegations in said paragraph.

5. As to paragraph 5, UNITED admits the allegations in said paragraph.

6. As to paragraph 6, UNITED admits the allegations in said paragraph.

7. As to paragraph 7, UNITED denies the allegations as legal conclusions, and not allegations of ultimate fact.

8. As to paragraph 8, UNITED denies the allegations as legal conclusions, and not allegations of ultimate fact.

9. As to paragraph 9, UNITED admits that it contacted Plaintiff regarding the debt at issue, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and thus denies same.

10. As to paragraph 10, UNITED admits that it contacted Plaintiff via telephone in an attempt to collect a debt but denies Plaintiff's characterization of the communications.

11. As to paragraph 11, UNITED admits that it contacted Plaintiff via telephone in an attempt to collect a debt but denies Plaintiff's characterization of the communications.

12. As to paragraph 12, UNITED denies the allegations as legal conclusions and not allegations of ultimate fact.

13. As to paragraph 13, UNITED denies the allegations in said paragraph.

14. As to paragraph 14, UNITED denies the allegations in said paragraph as legal conclusions, and not allegations of ultimate fact.

15. As to paragraph 15, UNITED denies the allegations in said paragraph as legal conclusions, and not allegations of ultimate fact.

16. As to paragraph 16, UNITED denies the allegations in said paragraph as legal conclusions, and not allegations of ultimate fact.

17. As to paragraph 17, UNITED denies the allegations in said paragraph.

### COUNT I (FDCPA )

18. As to paragraph 18, UNITED repeats and realleges its responses to paragraphs 1 through 17 as if fully set forth herein.

19. As to paragraph 19, UNITED denies the allegations in said paragraph.

### COUNT II (FDCPA )

20. As to paragraph 20, UNITED repeats and realleges its responses to paragraphs 1 through 17 as if fully set forth herein.

21. As to paragraph 21, UNITED denies the allegations in said paragraph.

### COUNT III (FDCPA )

22. As to paragraph 22, UNITED repeats and realleges its responses to paragraphs 1 through 17 as if fully set forth herein.

23. As to paragraph 23, UNITED denies the allegations in said paragraph.

### COUNT IV (FDCPA )

24. As to paragraph 24, UNITED repeats and realleges its responses to paragraphs 1 through 17 as if fully set forth herein.

25. As to paragraph 25, UNITED denies the allegations in said paragraph.

Case No.: 10-22462-CIV/Graham/Torres
*Defendant's Answer and Affirmative Defenses*

### COUNT V (FCCPA )

26. As to paragraph 26, UNITED repeats and realleges its responses to paragraphs 1 through 17 as if fully set forth herein.

27. As to paragraph 27, UNITED denies the allegations in said paragraph.

28. As to paragraph 28, UNITED denies the allegations in said paragraph as legal conclusions and not allegations of ultimate fact.

### COUNT VI (TCPA )

29. As to paragraph 29, UNITED repeats and realleges its responses to paragraphs 1 through 29 as if fully set forth herein.

30. As to paragraph 30, UNITED denies the allegations of said paragraph.

31. UNITED denies each and every allegation that is not specifically admitted.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As and for its first affirmative defense, UNITED alleges that the alleged actions of Defendant, and its agents and employees are protected by the "bona fide error" defense pursuant to the FCCPA and FDCPA, since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide error* notwithstanding Defendant's maintenance or procedures reasonably adapted to avoid such errors.

### SECOND AFFIRMATIVE DEFENSE

2. As and for its second affirmative defense, UNITED alleges that Plaintiff did not sustain any compensable actual damages and is not otherwise entitled to recover such damages.

*Case No.: 10-22462-CIV/Graham/Torres*
*Defendant's Answer and Affirmative Defenses*

### THIRD AFFIRMATIVE DEFENSE

3. As and for its third affirmative defense, UNITED alleges that any action taken or admitted by Defendant (this being expressly denied in any event) was taken or omitted in good faith and in conformity with the advisory opinions of regulatory agencies.

### FOURTH AFFIRMATIVE DEFENSE

4. As and for its fourth affirmative defense, UNITED alleges that no act or failure to act on the part of Defendant proximately caused any actual or other damages in this case.

### FIFTH AFFIRMATIVE DEFENSE

5. As and for its fifth affirmative defense, UNITED alleges that it is not responsible for the conduct of any third parties over whom it did not exercise any control or authority who may have caused or contributed to Plaintiffs' alleged damages.

UNITED reserves the right to assert such additional affirmative defenses as may be identified and supported by discovery conducted throughout the course of this litigation.

**WHEREFORE**, Defendant UNITED RECOVERY SYSTEMS, LP, having fully Answered in this matter, respectfully requests that the relief sought in Plaintiffs' Complaint be denied, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendant
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone:     (954) 765-0500
Facsimile:     (954) 759-5571
Email: stockerm@gtlaw.com

By:  */s/MICHELE L. STOCKER*
      MICHELE L. STOCKER
      Florida Bar Number 0044105

*Case No.: 10-22462-CIV/Graham/Torres*
*Defendant's Answer and Affirmative Defenses*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of October, 2010, I electronically filed a true and correct copy of the foregoing document using the CM/ECF system, and served a copy on, **Donald A. Yarbrough, Esq.**, counsel for Plaintiff, Post Office Box 11842, Fort Lauderdale, Florida 33339 via transmission of a Notice of Electronic Filing Generated by CM/ECF.

          /s/MICHELE L. STOCKER
          MICHELE L. STOCKER